UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODRICK J. SILAS,<br><br>    Plaintiff,<br><br>    v.<br><br>SELECT PORTFOLIO SERVICING, INC. and U.S. BANK NATIONAL ASSOCIATION,<br><br>    Defendants. | No. 1:17-cv-00012-DAD-JLT<br><br>ORDER DENYING PLAINTIFFS' EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER<br><br>(Doc. No. 4) |

Plaintiff Rodrick J. Silas commenced this action on January 4, 2017, seeking rescission of a mortgage agreement under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1635. (*See* Doc. No. 1.) Now before the court is plaintiff's ex parte application for a temporary restraining order and order to show cause why a preliminary injunction should not issue, filed January 10, 2017. (Doc. No. 4.) For the reasons set forth below, the ex parte application will be denied.

**FACTUAL AND PROCEDURAL BACKGROUND**

According to the allegations of the complaint and in the instant application, plaintiff owns property located at 5914 Summer Country Drive, in Bakersfield, California. (Doc. No. 1 at 3.) In 2006, plaintiff refinanced the property, and in exchange, Argent Mortgage Company, LLC ("Argent") took a security interest in the property. (*Id.* at 6–7.) Plaintiff alleges that this security interest was subsequently transferred from Argent to defendant U.S. Bank National Association

("U.S. Bank") on August 14, 2012. (*Id.* at 7–8.) Moreover, plaintiff alleges the rights to service his loan agreement were transferred to defendant Select Portfolio Servicing, Inc. ("SPS") in March 2014.  (Doc. No. 4 at 8.)  According to plaintiff, defendants failed to provide him with a notice of these transfers, from Argent to defendants, within thirty days, as required by TILA. (*See* Doc. Nos. 1 at 7–8; 4 at 8–9.)  Upon discovering an assignment of deed of trust between Argent and U.S. Bank in 2015, plaintiff mailed a notice of rescission to defendant SPS regarding his loan on July 6, 2015.  (Doc. No. 1 at 9, Ex. C.)

Plaintiff alleges that the transaction was subject to plaintiff's right to rescission as proscribed by 15 U.S.C. § 1635, and 12 C.F.R. § 226.23. (*Id.* at 19–20.)  Moreover, in the instant application for a temporary restraining order, plaintiff represents that defendants have scheduled a public sale of the property on January 11, 2017.  (Doc. No. 4 at 10.)

**LEGAL STANDARD**

The standard for issuing a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction.  *See Stuhlbarg Intern. Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).  "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'"  *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *see also Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1172 (9th Cir. 2011) ("After *Winter*, 'plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction."); *Am. Trucking Ass'n, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).  The Ninth Circuit has also held that "[a] preliminary injunction is appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor."  *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011) (quoting *Lands Council v. McNair*, 537 F.3d 981, 97 (9th

/////

/////

Cir. 2008) (en banc)).[1]  The party seeking the injunction bears the burden of proving these elements.  *Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009).  Finally, an injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter*, 555 U.S. at 22.

A temporary restraining order may be issued without notice to the adverse party or its attorney only if

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1); *see also* Local Rule 231(a) ("Except in the most *extraordinary of circumstances*, no temporary restraining order shall be granted in the absence of actual notice to the affected party and/or counsel, by telephone or other means, or a sufficient showing of efforts made to provide notice." (emphasis added)).  As the Supreme Court has noted, an ex parte temporary restraining order is justified in very limited circumstances:

> The stringent restrictions imposed . . . by Rule 65 on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute.  Ex parte temporary restraining orders are no doubt necessary in certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.

*Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438–39 (1974) (internal citation omitted).

/////

/////

---

[1] The Ninth Circuit has found that this "serious question" version of the circuit's sliding scale approach survives "when applied as part of the four-element *Winter* test." *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134 (9th Cir. 2011).  "That is, 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest."  *Id.* at 1135.

**DISCUSSION**

Here, plaintiff has failed to meet his burden under Rule 65(b)(1) of the Federal Rules of Civil Procedure and therefore has not established that he is entitled to the extraordinary relief requested. In a sworn declaration supporting his ex parte application, plaintiff states that on January 9, 2017, he informed defendant SPS of his intent to file an ex parte application for a temporary restraining order, and faxed a copy of the application to SPS's ombudsman. (Doc. No. 4 at 34–35.) Plaintiff, however, has not indicated whether he has properly served his complaint on defendants, and this court is unable to conclude whether either defendant U.S. Bank or SPS is aware of this lawsuit at all.

Nevertheless, even if the court were to accept that reasonable attempts have been made to provide defendants notice of this case and the pending request for injunctive relief, plaintiff has failed to show that such relief is appropriate at this time. Most notably, it is unclear to the court that plaintiff is likely to succeed on the merits of his rescission claim or that immediate and irreparable injury will result in the absence of injunctive relief. The gravamen of plaintiff's claim is that defendants failed to provide required disclosures under TILA concerning the transfer of an interest in the refinanced loan, from Argent to defendants. The relevant provision of TILA provides

> not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including-- (A) the identity, address, telephone number of the new creditor; (B) the date of transfer; (C) how to reach an agent or party having authority to act on behalf of the new creditor; (D) the location of the place where transfer of ownership of the debt is recorded; and (E) any other relevant information regarding the new creditor.

15 U.S.C. § 1641(g). For the alleged violation of this provision, plaintiff asserts a right of rescission under 15 U.S.C. § 1635. Section 1635, however, applies only to "consumer credit transactions" involving a borrower who is a natural person, *see* 15 U.S.C. §§ 1602(i), 1635(a)— not a transaction involving the sale, transfer, or assignment of a loan between two creditors—and appears inapplicable to violations under § 1641(g). *See Robertson v. U.S. Bank, N.A.*, 831 F.3d 757, 763–64 (6th Cir. 2016) (holding that a violation § 1641(g) may entitle plaintiffs to damages,

4

but not rescission of the underlying loan). Thus, even if plaintiff were to prevail on his claim under § 1641(g), he is likely only to recover damages under TILA. *See* 15 U.S.C. § 1640(a). In sum, plaintiff has not shown at this time that that he is likely to succeed in effectuating a rescission of the refinanced loan or that any damages resulting from defendants' failure to provide notice under TILA are irreparable.

## CONCLUSION

For the reasons set forth above, plaintiff's ex parte application for a temporary restraining order (Doc. No. 4) is denied.

IT IS SO ORDERED.

Dated: **January 11, 2017**

UNITED STATES DISTRICT JUDGE