| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| RODRICK J. SILAS, | No. 1:17-cv-00012-DAD-JLT |
|---|---|
| Plaintiff, | |
| v. | ORDER GRANTING MOTION TO DISMISS |
| SELECT PORTFOLIO SERVICING, INC. U.S. BANK NATIONAL ASSOCIATION, as trustee, successor in interest to Bank of America, National Association, as successor by merger to LaSalle Bank National Association, as trustee for certificate holders of Bear Stearns Asset Backed Securities I LLC, Asset-Backed Certificates, Series 2006-AQ1, and DOES 1–10, | (Doc. No. 12) |
| Defendants. | |

This matter is before the court on defendants' motion to dismiss plaintiff's first amended complaint ("FAC"). (Doc. No. 12.) Oral argument was held on April 18, 2017. Plaintiff did not appear at the hearing. Attorney Ruby J. Chavez appeared on behalf of defendants. At the court's request, defendants supplemented their motion on May 2, 2017, and the motion was thereafter taken under submission. (Doc. Nos. 19, 20.) Plaintiff belatedly filed a reply to defendant's supplement on May 5, 2017. (Doc. No. 21.) Although plaintiff's reply to defendant's supplemental filing was unauthorized, the court has nonetheless consider it. For the reasons that follow, the court will grant defendant's motion to dismiss.

1

# BACKGROUND

Plaintiff filed his original complaint in this court on January 4, 2017, and amended it on February 17, 2017 in response to a motion to dismiss brought by defendants. (Doc. Nos. 1, 6, 10.) Plaintiff alleges in the FAC as follows.

On August 8, 2006, he executed a promissory note and a corresponding deed of trust in favor of Argent Mortgage Company, LLC, securing a debt of $310,000 used in financing real property located at 5914 Summer County Drive, Bakersfield, California. (Doc. No. 10 at 2.) According to plaintiff, U.S. Bank has been attempting to collect on the promissory note and deed of trust without a legal right to do so, as neither was validly transferred to it. (*Id.* at 2–3.) In early 2009, plaintiff suffered a financial hardship and fell behind on his mortgage payments. (*Id.* at 9.) He attempted to negotiate a loan modification with a prior servicer of the loan, Chase Bank, but ultimately was unable to do so. (*Id.* at 8–9.) In investigating his conflict with Chase, plaintiff discovered the promissory note and accompanying deed of trust were never appropriately assigned and transferred into the 2006-AQ1 Trust, which closed on November 30, 2006. (*Id.* at 9.)

Plaintiff maintains that, because the note and deed were not validly assigned to the trust, defendant U.S. Bank's attempts to collect the debt and foreclose on the property as successor trustee violate the law. (*Id.* at 9–11.) In particular, he asserts that he was shown an assignment of the deed of trust to defendant U.S. Bank in July 2012. (*Id.* at 10.) He contends there was no recorded assignment of the promissory note, and that the deed of trust, which secures the note, cannot be assigned without it. (*Id.* at 10–11.) Plaintiff notes any assignment of the note should have been recorded within ninety days of the closing of the 2006-AQ1 Trust, if the note was actually assigned to the trust. (*Id.* at 11–12.) Plaintiff asserts the following twelve causes of action: (1) declaratory relief; (2) wrongful foreclosure; (3) violation of 15 U.S.C. § 1692e; (4) violation of 15 U.S.C. § 1641(g); (5) rescission of the mortgage under 15 U.S.C. § 1601 *et seq.*; (6) cancellation of instruments; (7) violation of California Business & Professions Code § 17200 *et seq.*; (8) quiet title; (9) breach of contract; (10) breach of the implied covenant of good faith and fair dealing; (11) accounting; and (12) negligence. (*Id.* at 1.)

Defendants filed their motion to dismiss on March 7, 2017. (Doc. No. 12.) Plaintiff opposed the motion on March 29, 2017, and defendants replied on April 7, 2017. (Doc. Nos. 15, 16.) Primarily, defendants advance a claim preclusion argument, based on a prior quiet title action brought by plaintiff in the Kern County Superior Court.[1] Additionally, defendants make individual arguments pertaining to each of plaintiff's twelve causes of action.

**LEGAL STANDARD**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me

---

[1] Defendants request that the court take judicial notice of various documents either filed in the Kern County Superior Court or recorded in the county recorder's office. A court can take judicial notice of a fact that is "not subject to reasonable dispute," because it can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "[A] court may take judicial notice of 'matters of public record.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (quoting *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)). Given the lack of opposition and the obvious reliability of these sources, the court will judicially notice these documents as requested by defendant.

3

accusation." *Iqbal*, 556 U.S. at 678.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555.  *See also Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged."  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

In ruling on such a motion, the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record.  *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

Finally, *pro se* complaints are to be "construed liberally, and may be dismissed for failure to state a claim only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Barrett v. Belleque*, 544 F.3d 1060, 1061–62 (9th Cir. 2008) (quoting *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007)); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

**ANALYSIS**

1. *Defendants Have Established Claim Preclusion with Respect to Most of Plaintiff's Claims*

Defendants' primary argument is that plaintiff's suit is barred by *res judicata* based on a similar quiet title action previously litigated in Kern County Superior Court.  (Doc. No. 12 at 14–16.)  Plaintiff does not address this argument in his opposition.[2]  (Doc. No. 14.)

/////

---

[2] Plaintiff does address the *res judicata* issue on the merits in his unauthorized reply to defendant's supplemental filing.  (Doc. No. 21.)  Instead, he merely argues that defendants should be barred from raising any *res judicata* argument this defense because they failed to mention it in their motion to dismiss.  (*Id.* at 2–3.)  Plaintiff's argument in this regard lacks merit.  (*See* Doc. Nos. 12 at 14-16; 16 at 2-3, 5.)

4

"The preclusive effect of a state court judgment in a subsequent federal lawsuit generally is determined by the full faith and credit statute." *Marrese v. American Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985). By statute, a state's judicial proceedings "shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken." 28 U.S.C. § 1738. The federal court must look to the preclusion law of the state in which the judgment was rendered in order to decide whether preclusion applies in the federal action. *Marrese*, 470 U.S. at 380. Therefore, the court looks to California law concerning whether claim preclusion applies in this case.

California courts have frequently used the terms *res judicata* and collateral estoppel to signify claim preclusion and issue preclusion, respectively. *See Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 896 (2002); *but see DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 824 (2015) (noting confusion because of imprecise usage of terms *res judicata* and collateral estoppel, and electing to use claim preclusion and issue preclusion in the future). Claim preclusion, which is typically what is meant by *res judicata*, "prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them." *Id.*; *see also Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 797 (2010) (noting the primary aspect of *res judicata* is to bar subsequent litigation on causes of action decided in previous litigation). The same elements generally apply to claim and issue preclusion: (1) the claim or issue raised in the present action must be "identical to a claim or issue litigated in a prior proceeding"; (2) the prior proceeding must have resulted in a "final judgment on the merits"; and (3) the parties in the two proceedings must be the same or in privity. *Boeken*, 48 Cal. 4th at 797.

        a.      <u>The Claims Here are Identical</u>

California uses the "primary right theory" to determine whether an action presents identical claims to those raised in a prior proceeding. *Mycogen Corp.*, 28 Cal. 4th at 904. This means "a 'cause of action' is comprised of a 'primary right' of the plaintiff, a corresponding 'primary duty' of the defendant, and a wrongful act by the defendant constituting a breach of that duty." *Id.* There is only one cause of action for the violation of a given primary right, "regardless of the specific remedy sought or the legal theory (common law or statutory) advanced." *Boeken*,

5

48 Cal. 4th at 798. Thus, in *Boeken*, the primary right was the right to not be wrongfully deprived of spousal companionship, the primary duty was to not wrongfully deprive plaintiff of her spouse's companionship, and the wrongful act was the defendant's wrongful inducement of plaintiff's husband to smoke cigarettes. *Id.* The plaintiff there could not bring a second case under a different legal theory—statutory wrongful death—for the violation of the same primary right. *Id.*

Here, in his earlier filed action in the Kern County Superior Court, plaintiff alleged that a deed of trust had been transferred to defendant U.S. Bank, but that there had been no corresponding assignment of the promissory note, without which the transfer of the deed of trust was void. (Doc. No. 20 at 59.) In that state court action plaintiff stated claims for quiet title, slander of title, and cancellation of instruments, among other related claims. (*Id.* at 54.) Plaintiff makes identical allegations in this case, ultimately stating claims premised on wrongful foreclosure, cancellation of instruments, quiet title, breach of contract, accounting, negligence, and the like. (Doc. No. 10 at 1.) The primary right plaintiff sought to vindicate in his action in state court and seeks to vindicate again here—the right not to have a debt be sought for collection by one with no lawful interest in it—is the same, as is the primary alleged duty of the defendant to not seek to collect a debt in which it has no lawful interest. Similarly, plaintiff's claims under the Fair Debt Collection Practices Act ("FDCPA") brought before this court are premised on the same underlying allegation that defendant U.S. Bank is not the lawful owner of plaintiff's promissory note. *See, e.g.*, Doc. No. 10 at ¶ 17 ("Defendant SPS has attempted to collect on the Note under false pretenses, namely that U.S. Bank were assigned Plaintiff's debt when in fact they were not."); *id.* at ¶ 19 ("As alleged herein, Plaintiff's Note was not properly transferred to Defendant U.S. Bank, who seeks to cause their purported authorized agent, Defendant SPS to collect mortgage payments and engage in other unlawful collection practices.").

/////
/////
/////
/////

Accordingly, plaintiff's claims brought in this action are largely identical to those he brought in his state court action for purposes of the claim preclusion analysis.[3]

        b.      <u>The Prior Proceeding Resulted in a Judgment on the Merits</u>

In order to be claim preclusive, a prior decision must have been on the merits. *Boeken*, 48 Cal. 4th at 797. A court reviewing the applicability of a *res judicata* or claim preclusion defense must examine the grounds upon which the prior decision was rendered in order to determine whether a general demurrer (either with or without leave to amend) is a judgment on the merits. *See Goddard v. Security Title Ins. & Guar. Co.*, 14 Cal. 2d 47, 51–55 (1939); *see also Hasson v. Cozens*, 1 Cal. 3d 576, 580 (1970) ("[T]he record does not reflect that the municipal court orders denying plaintiff's motions to set aside his convictions were determined on the merits."); *Kanarek v. Bugliosi*, 108 Cal. App. 3d 327, 334 (1980) ("Whether a judgment based on the sustaining of a general demurrer is a judgment on the merits depends upon the facts of the specific case and the reason for the ruling."); *Sterling v. Galen*, 242 Cal. App. 2d 178, 182–84 (1966) (noting that the sustaining of a general demurrer without leave to amend can only be *res judicata* to the extent the court actually reached the merits); *but see Boeken*, 48 Cal. 4th at 793 ("The record before us does not indicate the reason for the dismissal; for purposes of applying the doctrine of *res judicata*, however, a dismissal with prejudice is the equivalent of a final judgment on the merits, barring the entire cause of action.").

The order issued by Kern County Superior Court on April 14, 2015, in *Silas v. U.S. Bank National Association As Trustee, et. al.*, Case No. 1500-cv-281647 sustained defendant U.S. Bank's demurrer to plaintiff's second amended complaint without further leave to amend. (Doc. No. 13 at 131–132.) Judgment issued on April 20, 2015, dismissing that action with prejudice.

---

[3] Two of plaintiff's claims brought in this action under the Truth in Lending Act ("TILA") are at least arguably not subsumed within the same primary right litigated by plaintiff in his state court action because they are based upon federal statutory rights to disclosures and to rescind a loan agreement. Similarly, plaintiff's breach of contract claim is arguably not based on the same primary right as his claims litigated in state court because the breach of contract claim is plead as an alternative to his theory of liability that defendants had no legal interest in collecting on his debt or foreclosing on his property. These claims, which do not clearly fit squarely within defendants' claim preclusion argument, are addressed separately below.

(*Id.* at 135–36.)  While neither of these orders explains the court's reasons for sustaining the demurrer, defendants have supplemented the instant motion to dismiss with their original demurrer filed in the Kern County Superior Court case.  (*See* Doc. No. 20 at 124–36.)  Each of the grounds for demurrer set forth therein is substantive, arguing plaintiff had not alleged sufficient facts to state a claim, lacked standing to assert the claims, and could not state a cognizable legal claim.  No procedural defenses, such as the statute of limitations, were advanced.  Because all of the grounds for demurrer raised by defendants in the state court case are substantive and address the merits of the allegations, the court can only conclude the Kern County Superior Court sustained the demurrer with prejudice on those grounds.  Therefore, it is clear that plaintiff's state court case was decided on the merits.

                    c.        Privity

Claim preclusion requires that the two suits involved be "between the same parties or parties in privity with them."[4]  *DKN Holdings LLC*, 61 Cal. 4th at 824 (quoting *Mycogen*, 28 Cal. 4th at 896).  Both plaintiff and defendant U.S. Bank were parties to the instant case and the Kern County Superior Court action.  Defendant Select Portfolio Servicing was not a defendant in the Kern County Superior Court action, and the court must therefore decide whether it was in privity with U.S. Bank.  Privity has been described as a relationship between two parties "where one is vicariously responsible for the conduct of the other," *Burdette v. Carrier Corp.*, 158 Cal. App. 4th 1668, 1682 (2008), or where there is "such an identification in interest of one person with another as to represent the same legal rights," *Consumer Advocacy Grp., Inc. v. ExxonMobil Corp.*, 168 Cal. App. 4th 675, 689 (2008) (citations omitted).  Select Portfolio Servicing is named in the complaint in this action solely because it is the loan servicer (i.e., the agent) for defendant U.S. Bank, and its involvement in this suit is based only on its efforts to vindicate the legal rights U.S. Bank possesses.  (Doc. No. 10 at 12–13.)  The two parties are clearly, therefore, in privity.

---

[4] Plaintiff's reply to defendant's supplemental filing reflects that he erroneously believes this is a requirement for privity of contract, which he claims is lacking because Argent never assigned its interest in his promissory note to the defendants. (Doc. No. 21 at 3–4.) Again, plaintiff's argument is misplaced. The type of privity that must be established here is privity between the litigants in the two actions at issue. Privity of contract is irrelevant to resolution of this issue.

8

Accordingly, the court concludes defendants have demonstrated claim preclusion applies to the majority of plaintiff's causes of action in this action, excepting only those premised on the TILA and breach of contract, to which the court now turns.

2. *Plaintiff's 15 U.S.C. § 1641(g) Claim is Barred by the Statute of Limitations*

In moving to dismiss defendants argue that this claim, which is brought by plaintiff under the TILA, is barred by the applicable statute of limitations. (Doc. No. 12 at 20–21.) Plaintiff does not dispute that the statute of limitations has run, but believes equitable tolling should apply in his case. (Doc. No. 15 at 26–27.)

Federal law requires that, within thirty days of the date a mortgage loan is sold or transferred, the new owner or assignee of the debt "shall notify the borrower in writing of such transfer." 15 U.S.C. § 1641(g). The notice must include several enumerated items, including identifying information about the new owner, the date of the transfer, and other relevant details. *Id.* § 1641(g)(1)(A)–(E). "Under TILA, an individual has a private cause for action against any creditor who violates 15 U.S.C. § 1641(g)'s disclosure requirements." *Vargas v. JP Morgan Chase Bank, N.A.*, 30 F. Supp. 3d 945, 949–50 (C.D. Cal. 2014) (citing 15 U.S.C. § 1640(a)). Claims under the TILA must generally be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e).

Equitable tolling principles apply to the TILA. *See King v. State of Cal.*, 784 F.2d 910, 914–15 (9th Cir. 1986) ("To decide whether equitable tolling should apply to Section 1640(e), our basic inquiry is whether tolling the statute in certain situations will effectuate the congressional purpose of the Truth-in-Lending Act."); *see also Merritt v. Countrywide Fin. Corp.*, 759 F.3d 1023, 1033, 1038–39 (9th Cir. 2014) (reaffirming *King*). In TILA actions, the statute of limitations may be equitably tolled in appropriate circumstances, "but only 'until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action.'" *Merritt*, 759 F.3d at 1040. The district court should "evaluate specific claims of fraudulent concealment and equitable tolling to determine if the general rule would be unjust or frustrate the purpose of the Act and adjust the limitations period accordingly." *King*, 784 F.2d at 915; *see also Merritt*, 759 F.3d at 1040. The general purpose of

9

the TILA was "to protect consumers' choice through full disclosure and to guard against the divergent and at times fraudulent practices stemming from uninformed use of credit." *King*, 784 F.2d at 915; *see also* 15 U.S.C. § 1601(a) ("It is the purpose of this subchapter . . . to protect the consumer against inaccurate and unfair credit billing and credit card practices.").

Plaintiff argues defendants concealed material facts related to his mortgage because they did not disclose when they acquired an interest in his debt. (*See* Doc. No. 15 at 24–26.) However, the requirement to disclose is all that is required by 15 U.S.C. § 1641(g). To toll the statute of limitations based on this alone would be to invalidate the statute of limitations in every case involving such allegations. *See Sakugawa v. IndyMac Bank, F.S.B.*, No. 10-00504 JMS/LEK, 2010 WL 4909574, at *3 (D. Haw. Nov. 24, 2010) (allegation of a failure to provide required disclosures was insufficient to justify equitable tolling because "even if true, it established no more than the TILA violation itself"); *Garcia v. Wachovia Mortg. Corp.*, 676 F. Supp. 2d 895, 906 (C.D. Cal. 2009) ("[T]he mere existence of TILA violations and lack of disclosure does not itself equitably toll the statute of limitations.").

Plaintiff notes in the FAC that he did not receive a separate notice from U.S. Bank within the required period following the purported July 17, 2012 transfer of his deed of trust. (Doc. No. 10 at 25.) It is unclear from the facts alleged by plaintiff in the FAC when plaintiff claims he first became aware of U.S. Bank's purported ownership of his deed of trust, but it is clear he knew of this fact by the end of 2013. (*Id.* at 12) (in December 2012 the trustee was changed and noting that plaintiff was told in 2013 that U.S. Bank was the beneficial owner of his debt).) This means, even if plaintiff were eligible for equitable tolling, the statute of limitations would nonetheless have expired with respect to plaintiff's § 1641(g) claim by December 31, 2014 at the latest. However, plaintiff's complaint in this action was not filed until January 4, 2017. (Doc. No. 1.)

Plaintiff's claim for violating 15 U.S.C. § 1641(g) is therefore barred by the applicable statute of limitations, and must be dismissed.

3. *Rescission of the Mortgage Under TILA*

In his fifth cause of action, plaintiff seeks rescission of the mortgage under the TILA, noting that he sent defendant U.S. Bank a notice to rescind on July 6, 2015. (Doc. No. 10 at 27–

29.) Defendants have moved to dismiss this claim, arguing that it too is time-barred. (Doc. No. 12 at 21–22.) In opposition, plaintiff again contends that he is entitled to equitable tolling of the statute of limitations.

Under the TILA, borrowers have an unconditional right to rescind a credit transaction within three days, and a conditional right to rescind such a transaction within three years unless the creditor provides the borrower with certain disclosures. *See* 15 U.S.C. § 1635; *Jesinoski v. Countrywide Home Loans, Inc.*, ___ U.S. ___, 135 S.Ct. 790, 792 (2015). However, the Supreme Court has noted that the time limitations set forth in the TILA are not a statute of limitations because the right to rescind "*shall expire* three years after the date of consummation of the transaction." *See* 15 U.S.C. § 1635(f) (emphasis added); *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 416–19 (1998). Rather, the right of rescission under the TILA is more correctly characterized as a statute of repose, which is not susceptible to equitable tolling. *See McOmie-Gray v. Bank of Am. Home Loans*, 667 F.3d 1325, 1329–30 (9th Cir. 2012) (concluding "§ 1635(f) is a statute of repose that represents an absolute three-year bar on rescission actions"); *Balam-Chuc v. Mukasey*, 547 F.3d 1044, 1048–49 (9th Cir. 2008) ("Statutes of repose are not subject to equitable tolling.") (quoting *Munoz v. Ashcroft*, 339 F.3d 950 (9th Cir. 2003)).

Here, plaintiff's FAC notes the loan in question was executed on August 8, 2006. (Doc. No. 10 at 7.) The right to rescind the loan transaction expired three years later and that expiration date is not subject to equitable tolling. 15 U.S.C. § 1635(f); *Beach*, 523 U.S. at 416–19; *McOmie-Gray*, 667 F.3d at 1329–30. Accordingly, this claim is time barred and must be dismissed. Additionally, since plaintiff's claim for accounting is premised on his purported right to rescind, that claim is likewise subject to dismissal.

4. *Breach of Contract and Breach of Covenant of Good Faith and Fair Dealing*

Defendants also move to dismiss plaintiff's breach of contract claim, arguing that it must fail because plaintiff cannot plead his own performance or excuse from performance, and so cannot compel any performance on the part of defendants. (Doc. No. 12 at 27–28.) The FAC pleads a claim for breach of contract in the alternative. (Doc. No. 10 at 34) ("In the alternative, if the Court finds that Defendant U.S. Bank is a successor in interest to the Deed of Trust pursuant

11

to the terms of the Deed of Trust, Plaintiff alleges that Defendants U.S. Bank and SPS, as their agent, breached the Deed of Trust by improperly crediting and debiting his account.").

The elements of a breach of contract cause of action are "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis West Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011) (the first element of breach of contract is existence). Here, it is clear from the allegations of his FAC that plaintiff has not performed under the contract. Plaintiff alleges he fell behind on his mortgage payments at least as early as 2009, and denies throughout the FAC that he is obligated to make *any* payments to defendants here. (Doc. No. 10.) Further, it is clear from the allegations of the FAC that defendants demanded payment, declared a default when plaintiff failed to pay, and foreclosed on the property at issue on January 11, 2017. (*Id.* at 8.) Plaintiff's breach of contract claim must therefore be dismissed.[5]

5. *Leave to Amend*

The court is to "freely give" leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). "[L]eave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts.'" *United States ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001) (quoting *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000)). The Ninth Circuit has "repeatedly stressed that the court must remain guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2003) (internal quotations and changes omitted). In evaluating whether leave to amend should be given, the following factors should be considered: "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." *Bonin*

---

[5] Breach of contract and breach of implied covenant of good faith and fair dealing claims often accompany each other, but the latter claim is itself an allegation of a breach of the contract. *Digerati Holdings, LLC v. Young Money Entm't*, 194 Cal. App. 4th 873, 885 (2011). Here, the FAC makes clear the alleged breach of the implied covenant of good faith and fair dealing is based on the same factual allegations as plaintiff's breach of contract claim. (Doc. No. 10 at 35–36.) Therefore, it is treated as derivative of plaintiff's breach of contract claim and must also be dismissed for the reasons explained above.

12

*v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). "Futility alone can justify the denial of a motion for leave to amend." *Nunes*, 375 F.3d at 808. *See also Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("Where the legal basis for a cause of action is tenuous, futility supports the refusal to grant leave to amend.") A *pro se* complaint must be liberally construed and cannot be held to the same standards as pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "A district court should not dismiss a *pro se* complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Shucker v. Rockwood*, 846 F.2d 1202 (9th Cir. 1988) (per curiam)).

Here, the court concludes it would be futile to grant plaintiff further leave to amend. The vast majority of plaintiff's claims are precluded by the Kern County Superior Court's dismissal on the merits of plaintiff's earlier filed lawsuit in that court. Plaintiff's TILA claims are time-barred. The breach of contract claim plaintiff plead in the alternative cannot be sustained without factual allegations that plaintiff performed under the contract, and it is evident from the factual allegations in the FAC that he was in default and the defendants foreclosed on the property at issue in January 2017. It is therefore clear plaintiff cannot in good faith allege his performance under the terms of the loan. *See Broudo v. Dura Pharm., Inc.*, 339 F.3d 933, 941 (9th Cir. 2003) (leave to amend should be granted where plaintiff offers to provide additional evidence "and such offer is made in good faith") *overturned on other grounds* 544 U.S. 336 (2005). Moreover, plaintiff failed to appear at the hearing on defendant's motion to dismiss and there is nothing before the court even suggesting additional facts could be plead by him to cure the complaint's deficiencies.

/////
/////
/////
/////
/////
/////

**CONCLUSION**

For all of the reasons given above, the court grants defendants' motion to dismiss (Doc. No. 12) with prejudice and without leave to amend. Accordingly, the Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated: **May 18, 2017**

_____
UNITED STATES DISTRICT JUDGE