1

2

3

4

5

6

7

8                   UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RODRICK J. SILAS,                    No.  1:17-cv-00012-DAD-JLT

12              Plaintiff,

13        v.                              <u>ORDER DENYING RULE 60 MOTION</u>

14   SELECT PORTFOLIO SERVICING,          (Doc. No. 25)
     INC.,
15
                Defendants.
16

17        This action was dismissed by order of the court on May 19, 2017.  On June 15, 2017,

18   plaintiff filed a motion on his own behalf under Rule 60 of the Federal Rules of Civil Procedure

19   seeking to vacate the judgment of dismissal.[1]  (Doc. No. 25.)  Therein, plaintiff asserts the

20   judgment should be vacated under Rule 60(b)(1) or (b)(6) because the judgment is void.  For the

21   reasons given below, the court denies this motion.

22        Among other provisions, Rule 60 allows the court, "[o]n motion and just terms," to

23   "relieve a party or . . . from a final judgment, order, or proceeding," for "mistake, inadvertence,

24   surprise, or excusable neglect" and for "any other reason that justifies relief."  Fed. R. Civ. P.

25   60(b)(1), (b)(6).  In his motion plaintiff fails to identify any "mistake, inadvertence, surprise, or

26   excusable neglect" which would provide a basis for the relief he seeks.  Therefore, to the extent

27

28   ───────────────────────────
     [1]  Plaintiff noticed this motion for hearing on July 18, 2017.  Because the court finds this motion
     suitable for resolution without oral argument, that hearing is hereby vacated.  L.R. 230(g).

                                         1

plaintiff's motion is based on Rule 60(b)(1), it must be denied. Rule 60(b)(6)'s catch-all provision is to be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (quoting *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006)). Generally, relief under Rule 60 will be available in three instances: "1) when there has been an intervening change of controlling law, 2) new evidence has come to light, or 3) when necessary to correct a clear error or prevent manifest injustice." *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001). Moreover, "[a] motion for reconsideration is not a vehicle to reargue the motion." *Id.* (quoting Bermingham v. Sony Corp. of Am., Inc., 820 F. Supp. 834, 856 (D.N.J. 1992)).

In his pending motion, plaintiff argues that the court's application of claim preclusion was incorrect because: (1) his prior state court lawsuit was not based on the federal Truth in Lending Act[2] (Doc. No. 25 at 6–7); (2) his state court claim of wrongful foreclosure was dismissed because he had not yet been foreclosed on at the time (*id.* at 7–8); (3) the state court suit did not bring claims under the Fair Debt Collection Practices Act ("FDCPA") (*id.* at 8–9); (4) the defendants in the two suits are not in privity (*id.* at 9–10); and (5) the results of applying claim preclusion would be unjust (*id.* at 11).

The first argument advanced by plaintiff is frivolous and the other arguments merely reflect his disagreement with the court's prior ruling. Because a motion under Rule 60 is not simply a vehicle to reargue a previously decided motion, the "party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *Westlands Water Dist.*, 134 F. Supp. 2d at 1131 (internal quotations omitted) (quoting *Bermingham*, 820 F. Supp. at 856–57). The court previously concluded plaintiff's wrongful foreclosure and FDCPA claims are based on the same "primary right" as his prior state

---

[2] The court did not find plaintiff's TILA claims precluded, and instead dismissed them as time-barred. (*See* Doc. No. 23 at 9–11.)

law quiet title and wrongful foreclosure claims were—namely, that he believes defendants had no authority to foreclose on his home or collect payments on his mortgage from him because they could not prove they were lawful owners of the debt. (Doc. No. 23 at 5–6) (quoting *Mycogen Corp. v. Monsanto*, 28 Cal. 4th 888, 904 (2002)). Whatever the formulation of the legal causes of action and their particular posture, it is clear that plaintiff's central claim—that defendants had no right to collect debt from him or exercise their security interest—was previously adjudicated by the state court in a manner adverse to plaintiff. Moreover, the court already concluded the parties in the two proceedings were in privity. (*Id.* at 8–9.) While plaintiff believes claim preclusion should not extend to some of the claims he has brought in this federal action, he has produced neither new evidence nor an intervening change in controlling law to show why the court's prior decision with respect to claim preclusion should not stand. Additionally, plaintiff has not demonstrated a clear error or how the result here is manifestly unjust. Rather, plaintiff is merely seeking to reargue the issues that this court has already decided.

Additionally, plaintiff asserts the court erred by denying him leave to amend. The court denied leave to amend because amendment would be futile in light of the preclusive effect of the state court decision and the fact that his remaining claims were either time-barred or could not be saved by amendment. (Doc. No. 23 at 13.) Plaintiff has failed to present any argument in his pending motion under Rule 60 suggesting that the granting of leave to amend would not be futile. Plaintiff's mere disagreement with the court's prior ruling is insufficient to warrant relief under Rule 60.

For all of the reasons set forth above, plaintiff's motion to vacate the judgment (Doc. No. 25) is denied.

IT IS SO ORDERED.

Dated: __**June 22, 2017**__                    _____
                                        UNITED STATES DISTRICT JUDGE