UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODRICK J. SILAS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SELECT PORTFOLIO SERVICING, INC., et al.,<br><br>　　　　　　Defendants. | No. 1:17-cv-00012-DAD-JLT<br><br>ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT<br><br>(Doc. No. 27) |

This case was dismissed and judgment was entered on May 19, 2017. (Doc. Nos. 23, 24.) Plaintiff, proceeding pro se, brought a motion to vacate the judgment of dismissal under Rule 60 on June 15, 2017, and that motion was denied on June 23, 2017. (Doc. Nos. 25, 26.) Plaintiff subsequently filed a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure on July 14, 2017, and that motion is now pending before this court.[1] (Doc. No. 27.) An opposition was filed by defendant on July 28, 2017. (Doc. No. 28.) No reply was submitted by plaintiff.

Rule 59 of the Federal Rules of Civil Procedure states that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P.

---

[1] Plaintiff noticed this motion for hearing on August 15, 2017. Because the court determines this matter is suitable for resolution without oral argument, that hearing is vacated. Local Rule 230(g).

1

59(e).  "[T]he district court has no discretion to consider a late [R]ule 59(e) motion."  *Carter v. United States*, 973 F.2d 1479, 1488 (9th Cir. 1992); *see also Price v. Los Angeles Cty.*, 591 Fed. App'x 639, 640 (9th Cir. 2015)[2] ("The 28–day filing period is mandatory and jurisdictional."); *Harvest v. Castro*, 531 F.3d 737, 745 n.6 (9th Cir. 2008) ("The deadlines under Rule 52(b) and 59, however, are strict."); 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2812 (3d ed. Supp. 2017) ("The time [limit to file a motion under Rule 59] cannot be enlarged by the court.").  Here, judgment in this case was entered on May 19, 2017.[3]  (Doc. No. 24.)  Plaintiff's Rule 59 motion was filed on July 14, 2017—56 days after judgment was entered.  Since this exceeds the 28-day limit in which to file such a motion, plaintiff's motion to alter or amend the judgment pursuant to Rule 59(e) is untimely and must be denied.

Some courts have treated untimely motions filed under Rule 59 as motions under Rule 60.  *See Price*, 591 Fed. App'x at 640 ("An untimely Rule 59 motion may be treated as a motion under Rule 60."); *Mount Graham Red Squirrel v. Madigan*, 954 F.2d 1441, 1463 n.35 (9th Cir. 1992) ("An untimely motion for reconsideration is construed as a motion based on Fed. R. Civ. P. 60(b)."); Wright & Miller, Federal Practice and Procedure § 2812 ("There are cases . . . in which it has been held that an untimely motion under Rule 59 could be considered under Rule 60(b), although these decisions should be viewed cautiously as precedent.").  Even if considered under Rule 60, the motion lacks merit.  As noted above, plaintiff has already filed a motion under Rule 60, which this court denied.  (Doc. No. 26.)  As stated therein, relief under Rule 60 is available in three instances:  "1) when there has been an intervening change of controlling law, 2) new evidence has come to light, or 3) when necessary to correct a clear error or prevent manifest injustice."  *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001).  Moreover, "[a] motion for reconsideration is not a vehicle to reargue the motion."  *Id.* (quoting

---

[2]  Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36–3(b).

[3]  Plaintiff appears to believe judgment was entered on June 23, 2017.  (Doc. No. 27 at 4.)  This is incorrect.  The court denied plaintiff's Rule 60 motion on that date.  (Doc. No. 26.)  Judgment was entered in this action on May 19, 2017 (Doc. No. 24), more than a month prior to the court's order denying plaintiff's motion to vacate.  (Doc. No. 25.)

2

*Bermingham v. Sony Corp. of Am., Inc.*, 820 F. Supp. 834, 856 (D.N.J. 1992)).

In the motion now pending before the court, plaintiff largely reiterates his previously advanced arguments, including his contention that he stated a plausible claim for relief under the Fair Debt Collection Practices Act ("FDCPA") and that he believes the court's decision on claim preclusion is incorrect. (Doc. No. 27 at 4–13.) These arguments were raised and addressed both in the order granting defendants' motion to dismiss and the subsequent order denying plaintiff's Rule 60 motion. Plaintiff has provided no reason the court should revisit these orders.

Additionally, plaintiff asserts he has obtained newly discovered evidence to support his claims, namely, a brochure on the "Role of the Corporate Trustee." (*Id.* at 13–15.) Plaintiff argues this brochure shows that the *investors* in the original 2006-AQ1 Trust are "'debt collectors' as defined by the FDCPA." (*Id.* at 14.) Relief on the basis of newly discovered evidence is available under Rule 60 if: (1) "the moving party can show the evidence relied on in fact constitutes 'newly discovered evidence' within the meaning of Rule 60(b)"; (2) "the moving party exercised due diligence to discover this evidence"; and (3) the newly discovered evidence is "of 'such magnitude that production of it earlier would have been likely to change the disposition of the case.'" *Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003) (quoting *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., Inc.*, 833 F.2d 208, 211 (9th Cir. 1987)). Plaintiff neither identifies when this brochure was discovered by him nor discusses his diligence in seeking it prior to entry of judgment, making his ability to satisfy the first two elements of this test questionable. In any event, the court concludes that this claimed newly discovered evidence would not have changed the disposition of this case. Plaintiff's FDCPA claims were held to be precluded by his earlier state court lawsuit. (Doc. No. 23 at 4–9.) Additionally, the investors in the 2006-AQ1 Trust are not named as defendants in this action which named as defendants only the trustee and the mortgage servicer. For both of these reasons, this brochure—whether or not it indicates the investors in the original trust are debt collectors as defined by the FDCPA—is irrelevant.

/////

/////

3

For the reasons set forth above, plaintiff's Rule 59 motion (Doc. No. 27) as untimely. To the extent the untimely Rule 59 motion could be construed as a second Rule 60 motion, the court denies it for the above-stated reasons.

IT IS SO ORDERED.

Dated: **August 9, 2017**

UNITED STATES DISTRICT JUDGE